**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | |
| JOHNS-MANVILLE CORPORATION, | ) | |
| MANVILLE CORPORATION, MANVILLE | ) | |
| INTERNATIONAL CORPORATION, | ) | |
| MANVILLE EXPORT CORPORATION, | ) | |
| JOHNS-MANVILLE INTERNATIONAL | ) | In proceedings for a reorganization |
| CORPORATION, MANVILLE SALES | ) | under Chapter 11 |
| CORPORATION, f/k/a JOHNS-MANVILLE | ) | Case Nos. 82 B 11656, 82 B 11657, |
| SALES CORPORATION, successor by merger to | ) | 82 B 11660, 82 B 11661, |
| MANVILLE BUILDINGS MATERIALS | ) | 82 B 11665 through 82 B 11673 |
| CORPORATION AND MANVILLE SERVICE | ) | inclusive, 82 B 11675, |
| CORPORATION, MANVILLE | ) | 82 B 11676 (BRL) |
| INTERNATIONAL CANADA, INC., | ) | |
| MANVILLE CANADA, INC., MANVILLE | ) | |
| INVESTMENT CORPORATION, MANVILLE | ) | |
| PROPERTIES CORPORATION, ALLAN- | ) | |
| DEANE CORPORATION, MEN-CARYL | ) | |
| RANCH CORPORATION, JOHNS-MANVILLE | ) | |
| IDAHO, INC., MANVILLE CANADA SERVICE, | ) | BC 11,0021 |
| INC., and SUNBELT CONTRACTORS, INC., | ) | |
| | ) | |
| Debtors. | ) | |

---------------------------------------------------------------

## FINAL JUDGMENT

The "Motion of Statutory and Hawaii Direct Action Settlement Counsel to Compel Payment of Settlement Proceeds Under Statutory and Hawaii Direct Action Settlement Agreements," the "Motion of Common Law Settlement Counsel to Enforce Settlement Agreement and Compel Payment of Settlement Proceeds Under Common Law Settlement Agreement," the "Emergency Motion of Travelers for Entry of Judgment and for Stay of Execution," the "Motion of Common Law Settlement Counsel for an Order of Contempt" and the issues associated therewith came on for hearing before the Court, the Honorable Burton R.

1

Lifland, United States Bankruptcy Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

It is ordered, adjudged and decreed that:

1.  Statutory Direct Action Settlement Counsel, on behalf of all Persons who have asserted Statutory Direct Action Claims, recover from The Travelers Indemnity Company and/or Travelers Casualty and Surety Company, jointly and severally, the amount of $397,500,000.00, as well as predecision prejudgment interest at the rate of 9%, running from June 24, 2009 to December 16, 2010, in the amount of $52,927,398.00, *see* N.Y.C.P.L.R. 5001, 5004, and postdecision prejudgment interest on $450,427,398.00 at the rate of 9% running from December 17, 2010, to January 20, 2011, *see* N.Y.C.P.L.R. 5002, 5004, in the amount of $3,776,186.00, for a total of $454,203,584.00.

2.  Hawaii Direct Action Settlement Counsel, on behalf of all Persons who have asserted Hawaii Direct Action Claims, recover from The Travelers Indemnity Company and/or Travelers Casualty and Surety Company, jointly and severally, the amount of $15,000,000.00, as well as predecision prejudgment interest at the rate of 9% running from June 24, 2009 to December 16, 2010, *see* N.Y.C.P.L.R. 5001, 5004, in the amount of $1,997,260.00, and postdecision prejudgment interest on $16,997,260.00 at the rate of 9% running from December 17, 2010, to January 20, 2011, *see* N.Y.C.P.L.R. 5002, 5004, in the amount of $142,498.00, for a total of $17,139,758.00.

3.  Common Law Settlement Counsel, on behalf of all Persons who have asserted Common Law Claims, recover from The Travelers Indemnity Company and/or Travelers Casualty and Surety Company, jointly and severally, the amount of $90,000,000.00, as well as predecision prejudgment interest at the rate of 9%, running from July 18, 2009 to December 16,

2010, in the amount of $11,317,808.22 *see* N.Y.C.P.L.R. 5001, 5004, and postdecision prejudgment interest on $101,317,808.22 at the rate of 9% running from December 17, 2010, to January 20, 2011, *see* N.Y.C.P.L.R. 5002, 5004, in the amount of $849,404.09, for a total of $102,167,212.31.

    4.    Execution on this final judgment or any portion thereof is and shall be stayed pursuant to Federal Rules of Bankruptcy Procedure 8005 for 14 days from the date of the entry of this Order. Provided that The Travelers Indemnity Company and Travelers Casualty and Surety Company file an appeal from this judgment within 14 days after its entry and that The Travelers Indemnity Company and/or Travelers Casualty and Surety Company have provided adequate security, subject to paragraph 6 below, execution on this final judgment is and shall be stayed pending final resolution of any and all appeals of said judgment. Statutory Direct Action Settlement Counsel, Hawaii Direct Action Settlement Counsel, Common Law Settlement Counsel and The Travelers Indemnity Company and Travelers Casualty and Surety Company agree that bonds from The Travelers Indemnity Company and/or Travelers Casualty and Surety Company substantially in the form of Exhibits A, B, and C respectively, provide adequate security, and the Court finds that such security is adequate and approves its use in further support of the stay of execution pending final resolution of any and all appeals.

    5.    Common Law Settlement Counsel's "Motion of Common Law Settlement Counsel for an Order of Contempt" is DENIED.

6. Reversal, modification or vacation of this Final Judgment with respect to less than all of the three Settlement Counsel parties shall in no way affect the validity and enforceability of the Final Judgment with respect to any Settlement Counsel party that is not subject to reversal, modification or vacation on appeal.

Dated at New York, New York, this 20th day of January, 2011.

                                              /s/ Burton R. Lifland
                                              United States Bankruptcy Judge